UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MELODIE DECKER, *et al.*,       )
                                )
          Plaintiffs,           )
                                )   No. 3:12-CV-563
v.                              )   (VARLAN/SHIRLEY)
                                )
SUBWAY SANDWICHES AND SALADS, LLC, )
*et al.*,                       )
                                )
          Defendants.           )

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the Chief District Judge. Now before the Court is a Motion for Attorneys' Fees and Costs [Doc. 32], filed by Plaintiffs. The Defendants have responded in opposition [Doc. 34], and the Plaintiffs have filed a final reply in support of their position [Doc. 36]. The parties appeared before the undersigned on January 15, 2014, to present oral arguments on this issue.

For the reasons stated herein, the undersigned will **RECOMMEND** that the Motion for Attorneys' Fees be **GRANTED IN PART** and **DENIED IN PART** and that Plaintiffs' be awarded be awarded $60,710.40 in attorneys' fees and $411.20 in costs.

I.   **BACKGROUND**

The Plaintiffs brought this case as a Fair Labor Standards Act ("FLSA") collective action and class action against Defendants alleging that Defendants engaged in the illegal practices of

requiring employees to work while "off the clock" and adjusting time records in order to avoid paying employees for time actually worked. Plaintiffs' Complaint alleged a variety of counts including: (1) violation of the FLSA; (2) breach of contract; (3) unjust enrichment; (4) conversion; and (5) civil conspiracy. [See Doc. 15].

Pursuant to Federal Rule of Civil Procedure 68, Defendants served Plaintiffs with an Offer of Judgment, inviting Plaintiffs to take judgment against the Defendants in the amount of $15,000.00 for each Plaintiff for a total of $90,000.00. [Doc. 22-1]. It is undisputed that the $15,000.00 offer to each Plaintiff was approximately ten times the amount of their actual damages. Additionally, the Offer of Judgment included "all accrued reasonable attorneys' fees and costs to be determined by the Court." [Id.]. Plaintiffs filed their Notice of Acceptance of Defendants' Rule 68 Offer of Judgment on September 25, 2013. [Doc. 22]. The Court entered judgment in favor of Plaintiffs on their individual claims against Defendants on September 26, 2013. [Doc. 23]. On November 5, 2013, Plaintiffs filed the instant Motion for Attorneys' Fees and Costs, which is now ripe for adjudication.

## II. POSITIONS OF THE PARTIES

The Plaintiffs direct the Court to the substantial judgment that counsel obtained in their favor, and they move the Court to award Plaintiffs $75,544.52, representing 304.1 hours expended in obtaining this judgment, along with an additional 3% of Plaintiffs' initial fee request representing the time expended in preparing the fee petition. Plaintiffs also move the Court to award $411.20 in costs.

At the hearing, counsel for the Plaintiffs conceded that the hours expended in this case were billed at rates that yield a weighted average of approximately $204.00. However, counsel

2

Case 3:12-cv-00563-TAV-CCS   Document 46   Filed 01/24/14   Page 2 of 10   PageID #: 479

maintains that the fees should actually be compensated at an hourly rate of $248.42, based upon the Court's previous decision in Grant v. Shaw Environmental, Inc., Case No. 3:08-CV-350, and the risk entailed in accepting this litigation. Plaintiff maintains that the number of hours expended is reasonable given the substantial recovery.

Defendants respond that Plaintiffs have failed to provide the Court with an adequate lodestar calculation. Defendants argue that, while rates of compensation awarded in previous cases may be considered as inferential evidence of market compensation rates, such rates do not establish the reasonable rate in this case. Defendants argue that the records submitted by Plaintiffs, if compensated at the rates actually charged by counsel, would only support a total award of $62,178.00. Defendants also argue that the Plaintiffs are only entitled to fees incurred in pursuing their individual claims, not the class-action claims or FLSA collective action claims. Additionally, Defendants argue that the 304.1 hours requested are excessive in that: counsel for Plaintiffs spent too much time drafting the Complaint; counsel spent an exorbitant amount of time meeting with Brenda Gibbs; and the time entries associated with Justin Suttles should be stricken because they related to the collective and class action claims.

Plaintiffs reply by reiterating that the Court should adopt the hourly rate from another FLSA case is not misleading and that doing so will not lead to a windfall for Plaintiffs' counsel. Plaintiffs argue that the Court should not consider the fact that bills reflecting the lower rates were submitted to the Defendants during negotiations, and Plaintiffs maintain that the lower rate does not "reflect the particular risks and challenges of FLSA litigation." [Doc. 36 at 4]. Counsel for Plaintiffs also submit an affidavit evidencing the fact that counsel have not withheld any portion of the $15,000.00 paid to Plaintiffs, nor have they received any other compensation from Plaintiffs. [Doc. 36-1]. Plaintiffs maintain that all of the categories of work scrutinized by the

Defendants led directly to Plaintiffs' success on their individual claims and are fully compensable.

## III. ANALYSIS

The Court will address the attorneys' fees request and request for an award of costs in turn.

### A. *Attorneys' Fees Request*

Under the FLSA, the court shall, "in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." 29 U.S.C. § 216(b). "[A]n award of attorney fees under § 216(b) is mandatory but the amount awarded is within the discretion of the district court." United Slate Local 307 v. G & M Roofing and Sheet Metal Co., 732 F.2d 495, 501 (6th Cir.1984).

"The purpose of the FLSA attorney fees provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." Fegley v. Higgins, 19 F.3d 1126, 1135 (6th Cir. 1994) (citing United Slate, 732 F.2d at 502)). However, such attorneys' fees provisions were "not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client." Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565-66 (1986).

The Court of Appeals for the Sixth Circuit has explained:

> Attorney's fees must be set in amount that is "reasonable," 29 U.S.C. § 216(b), and in recent times the starting point has been a "lodestar" calculation-the product of the number of hours reasonably spent on the case by an attorney times a reasonable hourly rate. See Adcock-Ladd, 227 F.3d at 349. That amount may then be adjusted upwards or downwards, as the district court finds necessary under the circumstances of the particular case.

Moore v. Freeman, 355 F.3d 558, 565-66 (6th Cir. 2004). There are few circumstances where the lodestar fee calculation is not adequate to attract competent counsel. See Perdue v. Kenny A., 559 U.S. 542 (2010).

1.  *Appropriate Hourly Rate*

At the heart of the lodestar calculation is the reasonable hourly rate. The reasonable hourly rate "is not necessarily the exact value sought by a particular firm, but [it] is rather the market rate in the venue sufficient to encourage competent representation." Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 618 (6th Cir. 2007).

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes is the legal community within the court's territorial jurisdiction or venue. Brooks v. Invista, 2008 WL 304893, at *3 (E.D. Tenn. 2008) (citing Adcock-Ladd v. Sec'y of the Treasury, 227 F.3d 343, 349 (6th Cir. 2000)). The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required." Brooks, 2008 WL 304893, at *3 (citing Coulter v. Tennessee, 805 F.2d 146, 148 (6th Cir.1986)).

In Grant v. Shaw Environmental, Inc., Case No. 3:08-CV-350, Doc. 107 (Jan. 30, 2013), the undersigned applied this standard to a FLSA fee request in which out-of-town counsel charged rates of up to $440 per hour and requested compensation at a weighted average of approximately $258.00 per hour. The undersigned suggested that the rate requested be reduced by 4% to $248.82. The undersigned found that this nominal reduction reduced "the hourly rate charged to a reasonable hourly rate as required by applicable case law." Id. at 10. The Court did not, however, establish a "standard" or "required" rate for purposes of FLSA attorneys' fees request.

5

In the instant case, the Plaintiffs urge the Court to find that $248.82 is the appropriate rate and the standard rate for all attorneys seeking compensation for FLSA litigation in the Eastern District of Tennessee. [Doc. 36 at 3]. The Court finds that this position is not persuasive. In Grant, the undersigned *reduced* the fee rate that was presented to the Court. The Court did not increase the rate. The Plaintiffs have not cited the Court to any case law supporting its position that the Court should increase the rate actually charged by counsel, absent extraordinary circumstances, and at the hearing on this matter, counsel for the Plaintiffs could not cite the Court to any cases standing for such a proposition. The Court finds that the Plaintiffs' request for an enhancement of counsel's rate based upon the Court's reduction of the rates in Grant is not well-taken.

The Plaintiffs argue that the rates originally billed by Plaintiffs' counsel at $204 per hour do not reflect "the particular risks and challenges" of this case. The Court also finds this position to be unpersuasive. The Court acknowledges that in some cases the Court may increase an award to account for exceptional circumstances. However, as the United States Supreme Court explained in Perdue v. Kenny A., 559 U.S. 542 (2010), such "circumstances are indeed rare and exceptional, and require specific evidence that the lodestar fee would not have been adequate to attract competent counsel." Id. at 554 (internal quotations removed). The Court finds that Plaintiff has not demonstrated any rare or exceptional circumstances, and the Court cannot conclude that an enhancement of the rates that were billed would be appropriate.

Accordingly, the Court finds that the appropriate and reasonable hourly rate in this case is $204.00. The undersigned will recommend that the hours expended in this case be compensated at this rate.

*2. Number of Hours Expended*

The Court turns now to the second component of the lodestar analysis: the hours reasonably expended.

As a rule, "[h]ours which are 'excessive, redundant, or otherwise unnecessary,' are not reasonably expended." Brooks v. Invista, 2008 WL 304893, at *4 (E.D. Tenn. Jan. 30, 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

As an initial matter, the Court finds that the Defendants' position that the Plaintiff should not be compensated for time expended in pursuit of the FLSA collective action or in pursuit of the class action is not well-taken. Counsel for the Defendants conceded at the hearing before the undersigned that the payments to Plaintiffs, which were approximately ten times their actual damages, accounted for the value of settling issues beyond the scope of each individual's damages. Notwithstanding, the Defendants argue that the Plaintiffs failed on their FLSA collective action and class action. The Defendants have failed to cite the Court to any dispositive motion decided against the Plaintiffs on these claims, and the record does not reflect any such ruling. To the contrary, it appears the Defendants offered such a lucrative settlement that the Plaintiffs abandoned these claims. The Court, therefore, finds that the Defendants' position that the number of hours expended should be reduced to discount for FLSA and class action claims that were abandoned is not persuasive.

The Court finds that the time Plaintiffs' counsel spent meeting with Brenda Gibbs was not exorbitant because Ms. Gibbs played a key role in unraveling the Defendants' techniques for reducing Plaintiffs' compensation. Similarly, the Court finds that the time entries associated with Justin Suttles should not be stricken. Plaintiffs assert that they obtained an affidavit from Mr. Suttles detailing similar illegal compensation practices at other stores and that the affidavit

7

was supplied to Defendants shortly before Defendants made their Offer of Judgment. Plaintiffs, thus, assert that the interaction with Mr. Suttles played a key role in their recovery. The Court finds that Defendants have offered little to rebut this position, and the Court finds that the request to strike the time entries associated with Mr. Suttles is not well-taken.

With regard to the Defendants' final critique, the Court finds that the time expended drafting the complaint was not excessive. The Court has reviewed the seventeen page complaint filed in this matter, and the Court finds that the twenty hours counsel spent drafting this document was not excessive. The drafting of the Complaint in this matter almost certainly entailed key decisions about the litigation strategy and included organizing and summarizing numerous factual contentions. Accordingly, the Court will not reduce the time entries associated with the drafting of the Complaint.

In evaluating the reasonableness of the requested fees and costs, the Court raised a final issue to the parties at the hearing: the reasonableness of the "conference" entries submitted by Plaintiffs' counsel. The Court afforded both sides an opportunity to be heard on this issue.

"Attorneys conferring with one another is not necessarily indicative of duplicated efforts or 'double billing' to a client." Hagy v. Demers & Adams, LLC, 2013 WL 5728345, at *8 (S.D. Ohio Oct. 22, 2013) (citing Glover v. Johnson, 138 F.3d 229, 252 (6th Cir.1998)). Courts "should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism," Diffenderfer v. Gomez-Colon, 606 F.Supp.2d 222, 228 (D.P.R. 2009) (quoting Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir.1992)). If upon review, "the Court determines that a duplication of services indeed has occurred, it may in its discretion reduce the hours at issue to eliminate the duplication." See Hagy, 2013 WL 5728345, at *8

8

The Court finds that on numerous occasions two and often three attorneys representing Plaintiffs billed for the same conferences – *e.g.* entries on October 25, 2012; entries on October 29, 2012; entries on November 14, 2012; entries on January 23, 2013; entries on January 31, 2013. At the hearing, counsel for the Plaintiffs failed to demonstrate why double and triple billing was appropriate. Based upon this lack of explanation and the sheer number of such multiple-billing conference entries, the Court finds that duplication of efforts occurred. Accordingly, the Court finds that a 5% reduction of fees is appropriate to account for this duplication of efforts.

*3.    Recommendation*

Based upon the foregoing, the undersigned finds that counsel for the Plaintiffs' should be compensated at a rate of $204.00 per hour. The Court finds that the number of hours requested should be reduced by 5%, so that Plaintiffs' counsel will be compensated for 288.9 hours. There has been no objection to the request for an additional 3% of the total compensation representing the time expended in preparing the fee petition, and the Court finds that this request is consistent with the case law of this circuit, see Auto Alliance Int'l, Inc. v. U.S. Customs Serv., 155 F. App'x 226, 229 (6th Cir. 2005). The addition of the "fees on fees" 3% yields 297.6 in total compensable hours.

Thus, the undersigned will recommend that Plaintiffs be awarded **$60,710.40**, in attorneys' fees, representing compensation for 297.6 hours at a rate of $204.00 per hour.

### B. Costs and Expenses

Plaintiffs move the Court to award $411.20 in costs. The Court finds that the Defendants did not object to the costs requested, and the Court finds that the Plaintiff's request is reasonable. Accordingly, the undersigned will recommend that Plaintiffs' request for costs be granted in full. Thus, the undersigned will recommend that Plaintiffs be awarded **$411.20,** representing the reasonable costs incurred in this case.

### IV. CONCLUSION

Based upon the foregoing, the undersigned finds that the Plaintiffs' Motion for Attorneys' Fees and Costs is well-taken, in part, and the undersigned **RECOMMENDS**[1] that it be **GRANTED IN PART** and **DENIED IN PART**, in that Plaintiffs be awarded **$60,710.40** in attorneys' fees and **$411.20** in costs.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).